FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

2012 OCT -3 P 12: 58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| BASCOM RESEARCH, LLC, a Virginia Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>NOVELL, INC., a Utah Corporation,<br><br>Serve: C T Corporation System<br>Registered Agent<br>1108 E South Union Ave.<br>Midvale, UT 84047<br><br>Defendant. | Case No. 1:12cv1113 LMB/JFA<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bascom Research, LLC ("Bascom") files this Complaint for Patent Infringement and Jury Demand against Defendant Novell, Inc. ("Defendant" or "Novell") and alleges as follows:

## THE PARTIES

1.      Bascom is a Virginia limited liability company organized and existing under the laws of Virginia having a principal place of business at 7025 Elizabeth Drive, McLean, Virginia 22101.

2.      On information and belief, Defendant is a Utah corporation organized and existing under the laws of Utah, with its principal place of business at 1800 South Novell Place, Provo, Utah 84606, and with additional United States offices in Atlanta, Georgia, Cambridge, Massachusetts, Detroit, Michigan and Waltham, Massachusetts.

## JURISDICTION AND VENUE

3.     This action arises under the Patent Act, 35 U.S.C. § 101 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5.     This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant does business in this District and has, and continues to, infringe and/or induce the infringement in Virginia and in this District. In addition, the Court has personal jurisdiction over Defendant because it has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL COUNTS

6.     On September 19, 2006, U.S. Patent No. 7,111,232 ("the '232 Patent"), entitled METHOD AND SYSTEM FOR MAKING DOCUMENT OBJECTS AVAILABLE TO USERS OF A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '232 Patent is attached to this Complaint as Exhibit A and is incorporated by reference herein.

7.     All rights, title, and interest in the '232 Patent have been assigned to Bascom, which is the sole owner of the '232 Patent.

8.     On November 21, 2006, U.S. Patent No. 7,139,974 ("the '974 Patent"), entitled FRAMEWORK FOR MANAGING DOCUMENT OBJECTS STORED ON A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '974 Patent is attached to this Complaint as Exhibit B and is incorporated by reference herein.

9.     All rights, title, and interest in the '974 Patent have been assigned to Bascom, which is the sole owner of the '974 Patent.

10.     On January 2, 2007, U.S. Patent No. 7,158,971 ("the '971 Patent"), entitled METHOD FOR SEARCHING DOCUMENT OBJECTS ON A NETWORK, was issued to Thomas Layne

Bascom. A true and correct copy of the '971 Patent is attached to this Complaint as Exhibit C and is incorporated by reference herein.

11.     All rights, title, and interest in the '971 Patent have been assigned to Bascom, which is the sole owner of the '971 Patent.

12.     On information and belief, Defendant makes, uses and/or sells products marketed to the public under the name "Vibe" (the "Vibe Products").

13.     The Vibe Products provide a social networking platform that allows its users to create their own personal profiles, link with their co-workers, join workspaces, and engage a variety of content. The Vibe Products are built on a social graph which connects the users of the Vibe Products which is accessible via the Vibe Application Program Interface (API). The Vibe API uniformly represents objects in the graphs and the connections between them. Vibe generally uses Java Web Services which provides a set of operations that client programs can use to exchange information with Vibe.

14.     Every object in the social graph has the ability to be connected to other objects. For example, a user can create a profile, join a workspace, manage files, participate in discussion threads, post to wikis, and interact with workflows. The Web services operations generally pass and return data within model objects as defined within the Kablink Vibe software. Each object has a variety of fields that correspond to data relating to the object. For example, profile_getUser accepts a user identifier and returns information about a Vibe user.

15.     All of the objects in the social graph are linked to each other via connections. In some circumstances, these connections involve the tracking of groups, people and content. In other circumstances, connections are managed through workspaces and content management. Connections can be established for anyone who is registered to use the Vibe Products and for any content they

- 3 -

create.  Content created by a user is typically associated with a particular space or group and is public

in the community and searchable. Additional information regarding the objects and connections can

be found in the Vibe User Guide and the Vibe Developer Guide.

16.     Upon information and belief, there are additional objects and related information

available to developers employed by Novell that are not available to the general public.  Accordingly,

the above listed objects and related information are exemplary and not limiting.

17.     The Vibe Products contain an activity stream.  This stream allows users to share content

and insights to the various connections.  The activity stream is a mechanism which updates based on

the people, folders and activities associated with the user.   The activity stream can be customized to

include updates from any combination of folders, workspaces, favorites or followed places and

people.

18.     Notably, the Vibe API and Kablink Vibe are primarily marketed to third-party

developers.  However, any description of these mechanisms is not intended to be limiting.  Instead,

the descriptions of these mechanisms are intended to demonstrate the existence of components that

are contained within the backend of the Vibe Products.  Thus, the analysis provided herein is relevant

to the Vibe Products as a whole and is not limited to third-party development tools.  Furthermore,

upon information and belief, developers employed by Novell utilize similar, if not the same

mechanisms, in order to develop and maintain the Vibe Products.

19.     Novell requires its users to activate an account in order to use Vibe Products.

Activation of an account requires a user to agree to terms and conditions that dictate how they use the

Vibe Products. Vibe generates a unique profile that is generally accessible utilizing the Vibe API for

each account which contains the personal information of the user.  Vibe also generates connections

for each user and associates the user with other objects in the social graph.  The establishment of

these objects and connections may generate activity on the Vibe Products which are viewable to the user and/or other users of the Vibe Products via the activity stream. Novell provides detailed instructions to its users regarding all aspects of the Vibe Products which results in the generation of objects, connections and activity on the Vibe Products. These instructions can be found at http://www.novell.com/documentation.

20.    Novell also permits third-party developers to access and use the Vibe Products. Novell requires third-party developers to agree to terms and conditions that dictate how they access and use the Vibe Products. Third-party developers have access to a variety of objects and connections in order to build applications and websites that integrate with the Vibe Products. Novell provides detailed instructions to developers to enable them to integrate with the Vibe Products to create applications. These instructions can be found in the Vibe Developer Guide.

21.    On information and belief, Defendant has been and is now infringing the '232 Patent, the '974 Patent, and the '971 Patent (collectively "the Patents-In-Suit") in the state of Virginia, in this judicial District, and elsewhere in the United States by, among other things, making, using, and operating the system and methods on the Vibe Products. Reference to the Vibe Products includes the set of development tools and APIs provided to third-party developers.

22.    By way of non-limiting example, as discussed above, the Vibe Products include a number of document objects that represent various entities. The Vibe Products also contain a number of linking relationships that connect the document objects to each other. These linking relationships contain a variety of attributes that describe the linking relationship. By way of non-limiting example, these attributes may be found in the social graph of the Vibe Products which is exposed via the Vibe API and may be manipulated using various API mechanisms. Each of the elements of the social graph, including the link relationships, may be retrieved using a unique identifier and presented based

- 5 -

on the particular implementation of the application. Furthermore, users of the Vibe Products are given the ability to access objects based on their relationship to other objects. For at least these reasons, the Vibe Products infringes the Patents-In-Suit.

23.     In addition to directly infringing the Patents-In-Suit pursuant to 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, Defendant indirectly infringes the Patents-In-Suit pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including its users, to perform all or some of the steps of the method claims, either literally or under the doctrine of equivalents, of the Patents-In-Suit.

**COUNT I**
**(Infringement of the '232 Patent)**

24.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

25.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '232 Patent, all in violation of 35 U.S.C. § 271(a)(b).

26.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

27.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

28.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Vibe, which embody the patented invention of the '232 Patent.

- 6 -

29. Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '232 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe.

30. Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

31. Bascom is informed and believes that Defendant's infringement of the '232 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

## COUNT II
### (Infringement of the '974 Patent)

32. Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

33. Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '974 Patent, all in violation of 35 U.S.C. § 271(a)(b).

34. Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

35. Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

36. Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Vibe, which embody the patented invention of the '974 Patent.

- 7 -

37.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '974 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe.

38.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

39.     Bascom is informed and believes that Defendant's infringement of the '974 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

**COUNT III**
**(Infringement of the '971 Patent)**

40.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

41.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '971 Patent, all in violation of 35 U.S.C. § 271(a)(b).

42.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

43.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

44.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Vibe, which embody the patented invention of the '971 Patent.

45.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '971 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe.

46.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

47.     Bascom is informed and believes that Defendant's infringement of the '971 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Bascom prays for judgment and relief as follows:

A.     An entry of judgment holding Defendant has infringed, is infringing, and has induced infringement of the '232 Patent, '974 Patent and '971 Patent.

B.     A preliminary and permanent injunction against Defendant and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, or inducing the infringement of the '232 Patent, '974 Patent and/or the '971 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C.     An award to Bascom of such damages as it shall prove at trial against Defendant that is adequate to fully compensate Bascom for Defendant's infringement of the '232 Patent, '974 Patent and '971 Patent, said damages to be no less than a reasonable royalty;

D.     A finding that this case is "exceptional" and an award to Bascom of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285.

E.     An accounting of all infringing sales and revenues; and

F.     Such further and other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Bascom demands a jury trial on all issues so triable.

Respectfully submitted,

BASCOM RESEARCH, LLC
By Counsel

Date:   October 3, 2012

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913

By: _____
        John A.C. Keith, VSB No. 14116
        jkeith@blankeith.com
        William B. Porter, VSB No. 41798
        wporter@blankeith.com
        Counsel for Plaintiff
        Bascom Research, LLC

    – and –

Jonathan S. Caplan, Esquire (*pro hac vice* pending)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, N.Y. 10001
Tel: 212-715-9100
Fax: 212-715-8000
Email: JCaplan@kramerlevin.com

Paul J. Andre, Esquire (*pro hac vice* pending)
Lisa Kobialka, Esquire (*pro hac vice* pending)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1710
Fax: 212-715-8000
Email: PAndre@kramerlevin.com
        LKobialka@kramerlevin.com

- 10 -