**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| BASCOM RESEARCH, LLC a Virginia Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 1: 12cv111 (LMB/JFA) |
| v. | ) ) | |
| FACEBOOK, INC., a Delaware Corporation, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BASCOM RESEARCH, LLC a Virginia Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 1: 12cv1112 (LMB/JFA) |
| v. | ) ) | |
| LINKEDIN CORPORATION, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BASCOM RESEARCH, LLC a Virginia Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 1: 12cv1113 (LMB/JFA) |
| v. | ) ) | |
| NOVELL, INC., a Utah Corporation, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BASCOM RESEARCH, LLC a Virginia Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 1: 12cv1114 (LMB/JFA) |
| v. | ) ) | |
| JIVE SOFTWARE, INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BASCOM RESEARCH, LLC a Virginia Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 1: 12cv1115 (LMB/JFA) |
| v. | ) ) | |
| BROADVISION, INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

## BASCOM RESEARCH'S MEMORANDUM IN
## OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................. ii

I.     INTRODUCTION .......................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND.......................................... 2

       A.     Named Inventor Thomas Bascom Has Been In McLean, Virginia Since 1996 ..... 3

       B.     Thomas Bascom Established LinkSpace, A Virginia Company, In 2001 .............. 3

       C.     Thomas Bascom Developed The Patents-In-Suit In Conjunction With His Work
              At LinkSpace ........................................................................................ 5

       D.     Bascom Research Was Formed To Develop New Applications For The
              Technology Invented By Thomas Bascom While At LinkSpace .......................... 5

       E.     Lexington Technology Has Entered Into A Merger Agreement With Document
              Security Systems To Deploy Bascom Research's Technology To Hospitals......... 7

III.   ARGUMENT .................................................................................................. 8

       A.     Legal Standard ...................................................................................... 8

       B.     Bascom Research Is A Practicing Entity With Substantial Roots In Northern
              Virginia, Giving Its Choice Of This District Substantial Weight.......................... 8

       C.     The Convenience Of The Parties And Location Of Witnesses And Documents
              Heavily Weigh Against Transfer As A Substantial Number of Party And Non-
              party Witnesses And Documents Are Located In Or Near This District.............. 10

       D.     Defendants' Substantial Connections To This District Further Weigh Against
              Transfer ............................................................................................... 13

       E.     The Interest of Justice Weight Heavily Against Transfer..................................... 15

IV.    CONCLUSION............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adobe Sys. Inc. v. Tesco Computers Fair*,
  Docket No. 1:95-cv-01068 (E.D. Va. Aug. 04, 1995) ......................................................14 n.4

*Ashton-Tate Corp. v. Computer Dynamics*,
  Docket No. 2:91-cv-00133 (E.D. Va. Mar 01, 1991) ......................................................14 n.4

*Capital One Financial Corp. v. Drive Fin. Servs., L.P.*,
  434 F. Supp. 2d 367 (E.D. Va. 2006) ...................................................................................10

*Collins v. Straight, Inc.*,
  748 F.2d 916 (4th Cir. 1984) ..................................................................................................8

*Heinz Kettler GMBH & Co., KG and Kettler Int'l, Inc. v. Razor USA, LLC*,
  750 F. Supp. 2d 660 (E.D. Va. 2010) ...................................................................................15

*JTH Tax, Inc. v. Lee*,
  482 F. Supp. 2d 731 (E.D. Va. 2007) ...................................................................................15

*Koh v. Microtek Int'l, Inc.*,
  250 F. Supp. 2d 627 (E.D. Va. 2003) ..............................................................................11, 12

*Lycos, Inc. v. TiVo, Inc.*,
  499 F. Supp. 2d 685 (E.D.Va.2007) .....................................................................................10

*Micron Tech., Inc. v. Rambus, Inc.*,
  645 F.3d 1311 (Fed. Cir. 2011).............................................................................................14

*Novell, Inc. v. Petro*,
  Docket No. 1:03-cv-00539 (E.D. Va. Apr. 28, 2003).....................................................14 n.4

*Novell, Inc. v. RT Com, Inc.*,
  Docket No. 3:00-cv-00106 (E.D. Va. Feb. 25, 2000)....................................................14 n.4

*Pragmatus AV, LLC v. Facebook, Inc.*,
  769 F. Supp. 2d 991 (2011) ........................................................................................8, 8 n.2, 9

*Production Group, Int'l, Inc. v. Goldman*,
  337 F. Supp. 2d 788 (E.D. Va. 2004) ..............................................................................11, 12

*United States v. Douglas*,
  626 F. Supp. 621 (E.D. Va. 1985) ..........................................................................................8

*Verizon Online Servs., Inc. v. Ralsky*,
    203 F. Supp. 2d 601 (E.D. Va. 2002) ......................................................................8

*VS Technologies, LLC v. Twitter, Inc.*, Civ. Action No. 2:11-cv-00043-HCM-TEM, ECF
    No. 40 (E.D. Va. June 28, 2011) ......................................................................9, 10

## S<small>TATUTES</small>

28 U.S.C. § 1404(a) ......................................................................8, 11

Plaintiff Bascom Research, LLC ("Bascom Research") respectfully submits this opposition to Defendants' Joint Motion to Transfer Venue to the Northern District of California (the "Motion"), along with supporting declarations from Thomas Bascom ("Bascom Decl.") and Will Rosellini ("Rosellini Decl."). This consolidated opposition is in response to the five separate memoranda submitted by Defendants in support of their joint motion.

## I.      INTRODUCTION

Bascom Research is a practicing entity with deep and significant ties to Northern Virginia. Defendants' Motion goes at great lengths to inaccurately portray Bascom Research as a non-practicing entity, yet Defendants ignore or entirely overlook contrary facts which were readily available on the companies' websites (from which Defendants selectively quoted).

Bascom Research was formed in June 2012 to leverage the technology of the patents-in-suit developed by inventor Thomas Bascom and the Virginia company LinkSpace, LLP ("LinkSpace"), which he founded in 2001. Over the past decade, LinkSpace and its principal, Thomas Bascom, have been engaged in research and development efforts that have resulted in the inventions disclosed in the patents-in-suit, as well as the offering for sale of products that utilize this patented technology. Bascom Research is currently leveraging this patented technology from LinkSpace to develop a new software system for use in the medical field that the company intends to deploy in hospitals, including those in Virginia. Bascom Research is also enforcing its patents rights against various companies, such as the named Defendants in the instant action.

Defendants' Motion should be denied because, aside from ignoring Bascom Research's longstanding connections to this District, Defendants have failed to show that the Northern District of California is clearly a more convenient venue than the Eastern District of Virginia. Based on its history and current business efforts described more fully below, Bascom

1

Research's choice of this District for the instant action is entitled to substantial weight.  The other transfer factors further weigh heavily in favor of retaining the action in this District, and Defendants' Motion ignores key facts establishing that the Eastern District of Virginia is the appropriate venue for this action including:

- Defendants have substantial ties to this District.  For example, Defendant Facebook leases computer data centers in this District that comprise part of the infringing activity in this action.  And according to Facebook, its continued investment in Virginia "could potentially reach hundreds of millions of dollars."  Caplan Decl. Exhibits 5-6.[1]

- Numerous third party witnesses and their documents, such as former contract employees and consultants to LinkSpace, the attorneys who prosecuted the patents-in-suit and a co-inventor of an asserted patent are located in Northern Virginia, Washington, D.C. or Maryland, all within the subpoena power of this Court.

- Bascom Research's witnesses and documents are located in this District.

- Some of Defendants' witnesses are located in this District.

- The local interest in allowing a company with deep roots in Virginia to litigate its case in Virginia's courts substantially favors keeping the action in this District.

For the reasons more fully explained below, Bascom Research respectfully requests that the Court deny the Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Outlined below is further detail concerning the personal background of the inventor of the patents-in-suit, Thomas Bascom, the relevant work his companies LinkSpace and Bascom Research have done in Virginia over the past ten years and are currently doing, and their substantial connections to Northern Virginia.

---

[1] Concurrently filed herewith is the Declaration of Jonathan S. Caplan ("Caplan Decl."). Exhibits to the Caplan Declaration are cited to herein as "Ex. ___."

A.      **Named Inventor Thomas Bascom Has Been In McLean, Virginia Since 1996**

Thomas Bascom has lived in McLean, Virginia since 1996, and is the inventor of the patents-in-suit.  Bascom Decl., ¶ 5.  He earned a B.S. in Aerospace Engineering from SUNY Buffalo and a M.S. in Engineering Administration from George Washington University.  *Id.*, ¶ 6.  Between 1989 and 2001, Mr. Bascom managed the development of WorldCom Inc.'s service and information portal for their multi-billion dollar FTS-2000 contract with the General Services Administration to provide voice, data, Internet and videoconferencing services.  *Id.*, ¶ 7.  Prior to joining WorldCom, he obtained extensive experience in leadership roles on engineering projects of national importance, across many disciplines, while working at Raytheon Corporation and NASA.  *Id.*, ¶ 7.  These roles included managing the development of sensor, detection and propulsion technology for the exo-atmospheric interceptors for the U.S. Navy's Theater Ballistic Missile Defense program at Raytheon and managing development of remote sensing instruments for NASA's Mission to Planet Earth at Goddard Space Flight Center.  *Id.* ¶ 7.

B.      **Thomas Bascom Established LinkSpace, A Virginia Company, In 2001**

In 2001, Mr. Bascom founded LinkSpace, a Virginia company headquartered in McLean, Virginia, and he has served as the company's President since its founding.  Bascom Decl., ¶¶ 1, 8.  LinkSpace is currently active and in good standing in the Commonwealth of Virginia.  *Id.*, ¶ 9.

Since 2001, LinkSpace has been in the business of providing a new class of enterprise and personal knowledge management software solutions.  Bascom Decl., ¶ 10.  These products and services are known as LinkSpace®, and provide new ways to organize and search computer networks for information.  *Id.*  LinkSpace® features directories of grouped and networked Internet links, also called Found Engines®.  *Id.*  The Found Engine® is offered as a hosted service on the Internet, called the Web Found Engine® and as packed software for private

networks, called the Enterprise Found Engine®.  *Id.*, ¶ 10; Exs. 1, 2.  LinkSpace® also features

Tag and Connect™, which interacts with Found Engines® and provides users with the ability to

link related customer correspondence, websites, presentations, e-mail, documents and

spreadsheets on a company's network or the Internet.  Bascom Decl., ¶ 10; Exs. 1, 2.

LinkSpace® allows communities of users to better organize and access related information.  *Id.*,

¶ 10.

       LinkSpace has offered these products and services for sale in Virginia and

elsewhere to numerous companies.  Bascom Decl., ¶ 10.  In order to provide these products and

services, LinkSpace has leased space in this District for its data centers.  *Id.*, ¶ 11.  LinkSpace

has also maintained and currently maintains a website located at www.linkspace.net.  *Id.*, ¶ 9.

       LinkSpace began with Mr. Bascom, who continues to work for LinkSpace in

Virginia.  *Id.*, ¶ 12.  Since 2001, LinkSpace has hired at least eight consultants and/or contract

employees (i.e., independent contractors) to assist with the company's business efforts, including

research and development and the marketing and sales of the company's products and services.

*Id.*, ¶¶ 12-14.  All of these former consultants and independent contractors currently reside in the

Northern Virginia area.  *Id.*, ¶ 13.

       Currently, Mr. Bascom serves as President of LinkSpace, and the company has a

number of contractors, including two sales and business development consultants (Allen

Anderson and Integral Business Development) and three software developers (Applied

Information Sciences, Erik Quist and Segundo Espinoza).  *Id.*, ¶ 14.  LinkSpace's computer

systems and documents are located in McLean, Virginia.  *Id.*, ¶ 15.

**C.     Thomas Bascom Developed The Patents-In-Suit In Conjunction With His Work At LinkSpace**

In connection with his work at LinkSpace, Mr. Bascom developed the technology that is the subject matter of this lawsuit, resulting in a number of issued patents that have been asserted in this action.  Bascom Decl., ¶ 16.  In particular, Mr. Bascom is the sole inventor of U.S. Patent Nos. 7,111,232 ("the '232 Patent"), 7,158,971 ("the '971 Patent") and 7,389,241 ("the '241 Patent").  *Id.*, ¶ 17.  All of the work relating to the conception, development and reduction to practice of these patents took place in or within commuting distance of McLean, Virginia.  *Id.*, ¶ 16.

Mr. Bascom is also a co-inventor of U.S. Patent No. 7,139,974 ("the '974 Patent") that has also been asserted in this action.  Bascom Decl., ¶ 21.  Mr. Bascom and his co-inventors regularly met in Virginia to conceive of and reduce to practice the claimed invention of the '974 Patent.  *Id.*  One of the co-inventors, Tanya Jones, used to live at 8010 Needwood Road, Apt. 104, Derwood, Maryland 20855, and is now deceased.  *Id.*, ¶ 22.  His other co-inventor, Jason N. Harmon, currently lives at 12040 Fingerboard Road, Monrovia, Maryland 21770, which is less than fifty miles from Alexandria, Virginia.  *Id.*

All of these patents were prosecuted by attorneys located in and around Washington, D.C.  Bascom Decl., ¶¶ 18-20, 23.  Documents relating to the conception, reduction to practice and prosecution of the patents-in-suit are located at law firms in Washington, D.C.  *Id.*, ¶ 16.

**D.     Bascom Research Was Formed To Develop New Applications For The Technology Invented By Thomas Bascom While At LinkSpace**

Bascom Research was formed in June 2012 as a Virginia company headquartered in McLean, Virginia, and entered into an agreement with Virginia-based LinkSpace.  Bascom Decl., ¶¶ 3, 24, 28.  Bascom Research is currently leveraging the patented technology developed

by Mr. Bascom and LinkSpace to develop new technology and products in the medical technology field. *Id.*, ¶¶ 24, 28.

Bascom Research is a wholly owned subsidiary of Lexington Technology Group ("Lexington Technology"). *Id.*, ¶ 25. Lexington Technology is a company organized under the laws of Delaware. *Id.*, ¶ 26. Lexington Technology is in the business of investing both expertise and capital in the development and enforcement of pioneering technologies. *Id.* Lexington Technology also has an ongoing effort to utilize its expertise to develop technology and intellectual property in the field of medical radio frequency identification (RFID). *Id.*

Bascom Research will leverage the software know-how of LinkSpace, including the patented technology that is the subject matter of this lawsuit and the soon-to-have manufacturing know-how of a company called Document Security Systems (discussed in the following section) to develop a software system capable of linking distributed medical information resources, including patients' electronic health records, to dramatically increase the quality and safety of patient care while increasing efficiency and lowering cost. Bascom Decl., ¶ 28. This new system will allow the tracking of labeled medical products for use in connection with clinical testing trials. *Id.*

This work is currently being performed by Bascom Research and LinkSpace in Virginia. Bascom Decl., ¶ 29; Rosellini Decl., ¶ 6. While these research and development efforts are ongoing, Bascom Research remains in its infancy. Currently, Thomas Bascom serves as the company's President and Chief Technology Officer. Bascom Decl., ¶ 27. The company has recently hired Will Rosellini as a technical consultant based on his prior experience and successes in this field. Bascom Decl., ¶ 27; Rosellini Decl., ¶¶ 3-6. Bascom Research is

currently in pursuit of another employee to assist with business development efforts.  Bascom Decl., ¶ 27.

Currently, Bascom Research has outlined a high level clinical user requirements document and discussed with the key standards bodies about implementation of this software. Rosellini Decl., ¶ 6.  Bascom Research has also engaged Mednest to refine its product development strategy to enable a clear regulatory and clinical path to market.  *Id.*.  Bascom Research expects to file for grant support from the National Institute of Health under the R01 and R02 programs, and to submit a number of proposals to the Agency for Healthcare Research and Quality.  *Id.*  Bascom Research is also in discussions with a number of thought leaders in area hospitals and universities to support a pilot clinical trial of the software.  *Id.*

As part of these efforts, Bascom Research and LinkSpace employees regularly meet in Virginia, consistent with the history of activity leading up to today.  Bascom Decl., ¶ 29; Rosellini Decl., ¶ 6.  The documents relating to these research and development efforts are located in Virginia at the offices of Bascom Research and LinkSpace.  Bascom Decl., ¶ 29.

E.    **Lexington Technology Has Entered Into A Merger Agreement With Document Security Systems To Deploy Bascom Research's Technology To Hospitals**

More recently, Lexington Technology has entered into a merger agreement with Document Security Systems, Inc. ("DSS").  Bascom Decl., ¶ 30.  DSS is a publicly traded company with over 100 employees based in New York and engages in the development, manufacture, and marketing of paper and plastic products to protect information from unauthorized scanning, copying, and digital imaging in the United States and internationally, including RFID products.  *Id.*, ¶ 31.

Bascom Research intends to leverage the software know-how of LinkSpace, the medical technology know-how of Lexington Technology and the soon-to-have manufacturing know-how of DSS to deploy the technology currently under development. *Id.*, ¶ 32.

## III.    ARGUMENT

### A.  Legal Standard

A party moving to transfer venue under 28 U.S.C. § 1404(a) bears the burden of establishing that the transferee forum is substantially more convenient than this District; otherwise transfer is denied. *United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va. 1985). In assessing if a movant carried that burden, the Court principally considers four factors: (1) the plaintiff's choice of venue; (2) the convenience of the parties; (3) the access to witnesses and documents; and (4) the interest of justice. *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (2011). As explained below, all of these factors weigh heavily against transfer.[2]

### B.    Bascom Research Is A Practicing Entity With Substantial Roots In Northern Virginia, Giving Its Choice Of This District Substantial Weight

A plaintiff's choice of forum is accorded substantial weight and "should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)). Where, as here, a plaintiff has a "legitimate connection to the district," this factor will strongly weigh against transfer. *Pragmatus*, 769 F. Supp. 2d at 995. "It is well settled that a court should rarely disturb a plaintiff's choice of forum unless the balance of hardships clearly favor transfer . . . ." *Verizon Online Servs., Inc. v. Ralsky*, 203 F. Supp. 2d 601, 623-24 (E.D. Va. 2002).

---

[2] As a threshold matter, Defendants also must demonstrate that the claims could have been brought in the Northern District of California, which is not disputed. *Pragmatus*, 769 F. Supp. 2d at 994.

Here, Bascom Research's choice of forum is entitled to substantial weight because the company is a practicing entity within this District that, along with its founder and named inventor Mr. Bascom, has a long and deep-rooted history in this District as the following facts demonstrate:

- Bascom Research is currently in the process of researching and developing new products and services using the patented technology for deployment in Virginia. Bascom Decl., ¶ 28.

- Bascom Research has deeps ties and a formal agreement with LinkSpace, a company that has offered products and services including the patented technology in Virginia over the past ten years. *Id.*, ¶ 10.

- Inventor and Bascom Research CTO Thomas Bascom has been a resident of Northern Virginia for over fifteen years. *Id.*, ¶ 5.

- The patents-in-suit were invented in Northern Virginia. *Id.*, ¶¶ 16, 18-21.

- There are at least 10 fact witnesses involved with the conception, reduction to practice, and productization of the technology described and claimed in the patents-in-suit that are located in the Northern Virginia area.[3] *See id.*, ¶¶ 16, 18-23.

Accordingly, Defendants' reliance on this Court's decisions in *Pragmatus v. Facebook* is entirely misplaced. In that case, plaintiff was a non-practicing entity with only one or two witnesses in the District and no material history or connection to Virginia. Additionally, the inventors and attorneys that prosecuted the patents-in-suit were located outside the District. In contrast, here, Bascom Research is a practicing entity with longstanding ties to this District and the prosecuting attorneys and other important third-parties are located in or near the District. Far more relevant is *VS Technologies, LLC v. Twitter, Inc.*, Civ. Action No. 2:11-cv-00043-HCM-TEM, ECF No. 40 (E.D. Va. June 28, 2011), where this Court denied a motion to transfer

---

[3] Incredibly, Defendants submitted to the Court selected information about Bascom Research, Lexington Technology and DSS from Lexington Technology's website, but entirely ignored and failed to disclose to the Court the facts demonstrating that Bascom Research has substantial contact and historical ties to this District, which are readily available from the same website that Defendants' excerpted from in support of their Motion. Motion at 6; Motion, Ex. 1, at ¶¶ 6-8.

venue, in part, because the named inventor (also the prosecuting attorney and founding member of plaintiff) was a long time resident of Virginia with legitimate and significant ties to this District, as is the case with Mr. Bascom and Bascom Research.  *Id.* at 12-14.

For these reasons, Bascom Research's choice of this District is entitled to substantial weight and Defendants' contentions that Bascom Research has little connection to this District should be summarily rejected.

### C.   The Convenience Of The Parties And Location Of Witnesses And Documents Weigh Heavily Against Transfer As A Substantial Number of Party And Non-Party Witnesses And Documents Are Located In Or Near This District

The convenience of the parties and the location of highly relevant potential third-party witnesses and documents within this District weighs heavily against transfer.  In assessing the convenience of the District for the parties and witnesses, courts generally consider factors such as the "ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process."  *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 693 (E.D. Va. 2007) (quoting *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 n.13 (E.D.Va.2005)).  These factors include consideration of convenience to the forum for party and non-party witnesses as well as with respect to the location of documents from party and non-party witnesses.  *Id.* at 694 (discussing the significance of the location of "some documents relevant to [the] lawsuit and [] also the place of residence and/or employment of certain non-party witnesses and party-witnesses" in deciding a motion to transfer); *Capital One Fin. Corp. v. Drive Fin. Servs., L.P.*, 434 F. Supp. 2d 367, 376 (E.D. Va. 2006) ("The bulk of the evidence . . . including documents and witnesses, [being] located in the Eastern District of Virginia" weighs against transfer).

Here, the convenience of party and non-party witnesses is clearly centered in and around Northern Virginia:

- All of the current Bascom Research employees and/or contractors work in Northern Virginia.  Bascom Decl., ¶ 29.

- Bascom Research's documents and files are located in Northern Virginia. *Id.*, ¶ 29.

- Eight former third-party LinkSpace employees and/or consultants with potentially relevant information regarding the patents-in-suit, along with their respective documents, currently reside in and around Northern Virginia.  *Id.*, ¶ 13.

- Third-party witnesses and documents from Lexington Technology are located in Northern Virginia.  *Id.*, ¶ 29.

- One of the non-party co-inventors resides in Maryland within the subpoena power of the Court (the other co-inventor is deceased and also resided in Maryland).  *Id.*, ¶ 22.

- The attorneys that prosecuted the patents-in-suit, along with the relevant prosecution documents, are located in Washington, D.C. within the subpoena power of the Court.  *Id.*, ¶¶ 19, 21-23.

- Defendants, such as Facebook, have substantial connections to this District and explained more fully in the next Section below.

Indeed, the location of several non-party witnesses and their respective documents within this District and the subpoena power of this Court strongly weigh against transfer.  *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 637 (E.D. Va. 2003) ("[t]wo of the[] potential witnesses are non-parties whose inconvenience is entitled to greater weight in the § 1404(a) analysis").

Defendants ignore these facts and instead incorrectly focus on the location of their own documents and the location of third-party prior art documents to try and justify transfer.  Transfer is not appropriate because a substantial number of witnesses and documents relating to Bascom Research are located in and around this District (even though some of Defendants' witnesses and documents are located outside the District)—in such a case transfer would only serve to shift the balance of inconvenience from one party to the other.  *See Prod. Group, Int'l,*

*Inc. v. Goldman*, 337 F. Supp. 2d 788, 799 (E.D. Va. 2004) (explaining that "a transfer [that] would merely 'shift the balance of inconvenience' in defendant's favor" is "not warranted").

Defendants contend that many non-party named inventors and authors of prior art (the "Prior Art Witnesses") are located in California based on their review of the prior art cited on the face of the patents-in-suit.  This contention fails for several reasons.

As an initial matter, Defendants speculate, without basis or explanation, that these Prior Art Witnesses will be needed to provide testimony.  Defendants have failed to make any proffer that even one of these witnesses would have relevant information beyond what is disclosed in the prior art, or to identify which of the dozens of prior art references are actually relevant to this action in any meaningful way.  *See e.g.*, *Prod. Group, Int'l,* 337 F. Supp. 2d at 799-800 (explaining that the "defendant has the burden 'to proffer . . . sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience'") (citing *Koh*, 250 F. Supp. 2d at 636).  As the Court is well aware, any prior art cited on the face of a patent necessarily means that the USPTO considered and issued the patents over that prior art, rendering testimony from such witnesses even less useful or relevant.  In contrast, the third-party witnesses residing in or near this District are plainly relevant to this action, as set forth above.

Even if such Prior Art Witnesses might have relevant information (and there is no indication that they might), Defendants have failed to proffer any information or detail that such non-party witnesses would be inconvenienced by having this action proceed in this District.  *Prod. Group, Int'l,* 337 F. Supp. 2d at 799-800 (holding that defendant's failure to produce any evidence of inconvenience to non-party witnesses weighs against transfer).

Moreover, a closer review of the public record demonstrates that a substantial number of these Prior Art Witnesses are located outside of California.  For example, for patent-in-suit 7,158,971, there are 138 Prior Art Witnesses listed on the face of the patent.  Ex. 16.  The majority of them (96) are located outside California, and a substantial number of those are located on the east coast, between North Carolina and Massachusetts.  Ex. 16.  Indeed, 23 of them are located outside the United States.  Ex. 16.  Accordingly, Defendants' have failed to show that a transfer to the Northern District of California would reduce the aggregate burden for witnesses actually likely to be called at trial.  To the contrary, for the bulk of the known relevant third-party witnesses, this District would be far more convenient than the Northern District of California.

For these reasons, the convenience of party and non-party witnesses as well as the location of documents weighs heavily against transfer from this District.

**D.      Defendants' Substantial Connections To This District Further Weigh Against Transfer**

Defendants' substantial connections and ties to this District further weigh against transfer.  For example, Facebook spends millions of dollars annually on leased data centers in Ashburn, Virginia (located in this District).

Notably, these servers comprise part of the infringing activity.  By way of example, the '232 Patent includes claims dependent upon the transmittal of document objects to "one or more servers."  ECF No. 1, Ex. A, *Bascom Research v. Facebook, Inc.*, Civ. Action No. 1:12-cv-1111-LMB (E.D. Va. Oct. 3, 2012) (hereinafter "Complaint").  Similarly, some claims of the '974 Patent require separate storage of link relationships from document objects which may be satisfied through storage on a remote server database.  *See e.g.,* Complaint, Ex. B.

Facebook's leased data centers receive significant tax breaks from the Commonwealth of Virginia.  As Facebook has stated publicly, these tax breaks are "instrumental in Facebook's continued investment in the state, which could potentially reach hundreds of millions of dollars."  Ex. 6.  Facebook also admittedly has nineteen employees and twenty-one contractors in the District.  Motion, Ex. 2 at ¶ 5.  One of those employees is Will Castleberry, who is Facebook's Director of State and Local Public Policy and sits on the Board of Trustees for a political action committee for the Northern Virginia Technology Council.  Ex. 7.

Similarly, Novell has significant ties to this District.  Novell's customer service center, including the center for the accused products, is located in Northern Virginia.  Motion, Ex. 4, at ¶10.  Novell also has availed itself of the Courts in this District, having brought at least four lawsuits in this District, which weighs heavily against transfer.[4]  *See e.g.*, *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1332 (Fed. Cir. 2011) (explaining that the fact that defendant "had previously filed other litigation . . . in the [same district], *suggest[ed] that it had no difficulty litigating a patent infringement suit in that court*") (emphasis added).  Novell is currently seeking to retain a sales engineer to be based out of Vienna, Virginia.  Ex. 9.

Defendant Broadvision's infringing servers, which are owned and operated by Amazon, are also located in this District.  Motion, Ex. 3, at ¶ 6.  Broadvision is also seeking a national account manager to service the Washington, D.C., metro area.  Ex. 8.

Defendant Jive has advertised significant sales in Virginia, including to CSC, a multi-billion dollar company headquartered in Falls Church, Virginia.  Ex. 10.

---

[4] These action include: *Novell, Inc. v. Petro*, Docket No. 1:03-cv-00539 (E.D. Va. Apr. 28, 2003); *Novell, Inc. v. RT Com, Inc., et al.*, Docket No. 3:00-cv-00106 (E.D. Va. Feb. 25, 2000); *Adobe Sys. Inc., et al. v. Tesco Computers Fair, et al.*, Docket No. 1:95-cv-01068 (E.D. Va. Aug. 04, 1995); and *Ashton-Tate Corp. v. Computer Dynamics*, *et al.*, Docket No. 2:91-cv-00133 (E.D. Va. Mar 01, 1991).

Accordingly, Defendants' substantial connections to this District further weigh against transfer to California.

**E.    The Interest of Justice Weight Heavily Against Transfer**

The interest of justice factor "is meant to encompass all those factors bearing on transfer that are unrelated to the other three factors." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007) (citations omitted).  These factors are broad ranging and can include: "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Id.* (citing *GTE Wireless, Inc. v. Qualcomm, Inc.,* 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)).  This factor favors denying transfer for a number of reasons.

First, this District has an interest in providing a forum for its residents, such as inventor Thomas Bascom (along with his company LinkSpace) and practicing entity Bascom Research, to litigate their disputes.  *Heinz Kettler GMBH & Co., KG and Kettler Int'l, Inc. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 670 (E.D. Va. 2010) ("[Plaintiff] is a local business and Virginia has an interest in providing a forum for its residents to litigate their disputes.").

Second, this District provides a significantly speedier trial than the Northern District of California and will allow Bascom Research to more quickly and efficiently enforce their patent rights.  *Heinz Kettler*, 750 F. Supp. 2d at 670, 670 n.10.  For example, the median time from the filing of a civil action to its trial is 12.8 months.  In contrast, the median time in the Northern District of California is 35.4 months.  *See* Ex. 15.

For these reasons, the interests of justice weigh in favor of retaining this action in this District.

## IV.    CONCLUSION

For the reasons explained above, Bascom Research respectfully requests that the

Court deny the Motion.


Dated: November 21, 2012                    Respectfully submitted,

                                            By:    /s/ William B. Porter


Jonathan S. Caplan, Esquire (admitted *pro hac vice*)        John A.C. Keith, VSB No. 14116
  jcaplan@kramerlevin.com                                      jkeith@blankeith.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP                          William B. Porter, VSB No. 41798
1177 Avenue of the Americas                                   wporter@blankeith.com
New York, New York 10036                                    BLANKINSHIP & KEITH, P.C.
Phone: 212-715-9100                                          4020 University Drive, Suite 300
Fax: 212-715-8000                                            Fairfax, Virginia 22030
                                                            Phone: 703-691-1235
                                                             Fax: 703-691-3913

Paul J. Andre, Esquire (admitted *pro hac vice*)
  pandre@kramerlevin.com                                    *Counsel for Plaintiff*
Lisa Kobialka, Esquire (admitted *pro hac vice*)            *Bascom Research, LLC*
  lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
900 Marsh Road
Menlo Park, California 94025
Phone: 650-752-1710
Fax: 212-715-8000

*Counsel for Plaintiff*
*Bascom Research, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of November 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Scott Cole, Esquire
scole@cooley.com
Stephen R. Smith, Esquire
stephen.smith@cooley.com
COOLEY, LLP
One Freedom Square-Reston Town Center
11951 Freedom Drive
Reston, VA  20190

Heidi Lyn Keefe, Esquire
hkeefe@cooley.com
Mark W. Weinstein, Esquire
mweinstein@cooley.com
Elizabeth L. Stameshkin, Esquire
estameshkin@cooley.com
COOLEY, LLP
5 Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94304

*Counsel for Facebook, Inc.*                 *Counsel for Facebook, Inc.*

Jeffrey T. Norberg, Esquire
jnorberg@cooley.com
COOLEY, LLP
101 California Street
Fifth Floor
San Francisco, CA  94111
*Counsel for Facebook, Inc.*

I further certify that on this 21st day of November 2012, I will send the foregoing by e-mail and First Class U.S. Mail to the following:

Jeffrey H. Nelson, Esquire
jhn@nixonvan.com
Michael E. Crawford, Esquire
mec@nixonvan.com
NIXON & VANDERHYE, P.C.
901 North Glebe Road
Arlington, VA 22203
*Counsel for BroadVision, Inc.*

Jon W. Gurka, Esquire
Jon.gurka@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
*Counsel for BroadVision, Inc.*

Reza Mirzaie, Esquire
reza.mirzaie@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
10100 Santa Monica Boulevard
Suite 1600
Los Angeles, CA  90067
*Counsel for BroadVision, Inc.*

17

Shaun R. Snader, Esquire
ssnader@wsgr.com
Larry L. Shatzer, Esquire
lshatzer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, N.W., Fifth Floor
Washington, D.C. 20006

*Counsel for Jive Software, Inc.*

Jennifer Schmidt, Esquire
jschmidt@wsgr.com
Stefani Shanberg, Esquire
sshanberg@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105

*Counsel for Jive Software, Inc.*

Robert R. Cleary, Jr., Esquire
rcleary@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304


*Counsel for Jive Software, Inc.*

David E. Finkelson, Esquire
dfinkelson@mcguirewoods.com
Andriana L. Schultz, Esquire
ashultz@mcguirewoods.com
MCGUIRE WOODS, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219-4030

*Counsel for LinkedIn Corporation*

Ashok Ramani, Esquire
aramani@kvn.com
David J. Silbert, Esquire
dsilbert@kvn.com
Robert A. Van Nest, Jr., Esquire
rvannest@kvn.com
Michelle S. Ybarra, Esquire
mybarra@kvn.com
David W. Rizk, Esquire
drizk@kvn.com
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, CA 94111
*Counsel for LinkedIn Corporation*

Sterling A. Brennan, Esquire
sbrennan@wnlaw.com
L. Rex Sears, Esquire
rsears@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple
Suite 1000
Salt Lake City, UT 84111




*Counsel for Novell, Inc.*

Craig C. Reilly, Esquire
craig.reilly@ccreillylaw.com
LAW OFFICE OF CRAIG C. REILLY
111 Oronoco Street
Alexandria, VA 22314
*Counsel for Novell, Inc.*

_____/s/  William B. Porter_____
William B. Porter, Esq.
Virginia State Bar No. 41798
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913
wporter@blankeith.com
  Counsel for Plaintiff
  Bascom Research, LLC