1  PAUL ANDRE (State Bar No. 196585)
   pandre@kramerlevin.com
2  LISA KOBIALKA (State Bar No. 191404)
   lkobialka@kramerlevin.com
3  JAMES HANNAH (State Bar No. 237978)
   jhannah@kramerlevin.com
4  KRAMER LEVIN NAFTALIS & FRANKEL LLP
5  990 Marsh Road
   Menlo Park, CA  94025
6  Telephone:  (650) 752-1700
   Facsimile:  (650) 752-1800
7
8  Attorneys for Plaintiff
   BASCOM RESEARCH, LLC
9
   Sterling A. Brennan (State Bar No. 126019)
10 sbrennan@mabr.com
   L. Rex Sears (Admitted *Pro Hac Vice*)
11 rsears@mabr.com
   MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT
12 20 Pacifica, Suite 1130
   Irvine, California 92618
13 Telephone:  (949) 202-1900
   Facsimile:  (949) 453-1104
14
15 Attorneys for Defendant
   NOVELL, INC.
16

17             **IN THE UNITED STATES DISTRICT COURT**

18          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19                  **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 20  BASCOM RESEARCH, LLC, a Virginia Limited Liability Company, | Case No.:  3:12-cv-06295-SI |
| 21                     Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 22 | |
| 23            v. | Date:      Friday, March 15, 2013<br>Time:      2:30 p.m. |
| 24  NOVELL, INC., a Utah Corporation, | Place:     Courtroom 10<br>Judge:     Hon. Susan Illston |
| 25                     Defendant. | |
| 26 | Date Filed:  October 3, 2012 |
| 27 | Trial Date:  Not Yet Set |

28

Pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 26(f), Civil Local Rule 16-9(a), Patent LocalRule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Clerk's February 7, 2013 Notice Setting Initial Case Management Conference (Dkt. 62 (CV-06295) and this Court's January 29, 2013 Order relating and reassigning the above-titled actions to Judge Susan Illston (Dkt. 60 (CV-06295), the parties to the above-entitled action (the "Action"), plaintiff Bascom Research, LLC ("Bascom") and defendant Novell, Inc. ("Novell"), jointly submit this Case Management Statement and Proposed Order.

**1.      Jurisdiction and Service.**

The Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

No issues exist regarding personal jurisdiction or venue.

Novell has been served, and there are no unresolved issues relating to service of process.

**2.      Facts.**

Bascom's Statement:

On October 3, 2012, Bascom filed individual complaints for patent infringement against Facebook, Inc. ("Facebook"), LinkedIn Corporation ("LinkedIn"), Novell, Jive Software, Inc. ("Jive"), and BroadVision, Inc. ("BroadVision") [collectively "Defendants"] in the United States District Court for the Eastern District of Virginia ("Virginia Court"). Subsequently, Defendants jointly moved to transfer all of the actions to this District. On December 11, 2012, the Virginai Court (Hon. Leonie M. Brinkema, District Judge, presiding) granted Defendants' joint motion to transfer. The cases against the Defendants were opened in this District on December 12, 2012.

Pursuant to Civil Local Rule 3-12, Bascom filed an Administrative Motion requesting the

1

Court to consider relating the cases against all Defendants on January 23, 2013.  An Order relating Bascom Research, LLC v. LinkedIn Corporation (Case No. 3:12-CV-06294-EMC), Bascom Research, LLC v. Novell, Inc. (Case No. 3:12-CV-06295-SI), Bascom Research, LLC v. Jive Software, Inc. (Case No. 3:12-CV-06296-SI), Bascom Research, LLC v. BroadVision, Inc. (Case No. 3:12-CV-06297-RS) to Bascom Research, LLC v. Facebook, Inc. (Case No. 3:12-CV-06293-SI)(collectively "the Related Cases") and reassigning the actions against LinkedIn and BroadVision to Judge Susan Illston was granted on January 29, 2013.

In each action, Bascom alleges that Defendants infringe United States Patent No. 7,11,232 ("the '232 patent"), United States Patent No. 7,139,974 ("the '974 patent") and United States Patent No. 7,158,971 ("the '971 patent") [collectively "the commonly asserted patents"] by making, using, selling, offering for sale and/or importing various networking platforms which manage, access and search for document objects on a network system.  In the actions brought against Facebook and LinkedIn, Bascom additionally alleges infringement of United States Patent No. 7,389,241 ("the '241 patent") in the same manner indicated above.  Bascom holds all rights, title, and interest in the commonly asserted patents and the '241 patent.

Novell's Statement:

Bascom filed this Action on October 3, 2012 in the Virginia Court, alleging direct and indirect infringement by Novell of three patents.  On November 8, 2012, Novell moved to (1) dismiss Bascom's indirect infringement claims (Dkt. No. 20) and (2) to transfer the Action to this Court (Dkt. No. 26).  Bascom opposed both motions (Dkt. Nos. 31 and 35.)  On December 12, 2012, Judge Brinkema granted Novell's motion to transfer (Dkt No. 42), but did not rule on Novell's motion to dismiss, which remains pending, has been briefed by the parties, and is scheduled for hearing before this Court on Friday, March 15, 2013, at 9:00 a.m.

On the same day that Bascom file suit against Novell, Bascom also filed four other patent infringement actions in the Virginia Court against the other four Defendants.  These other actions, which also have been transferred to this Court, involve overlapping patents, but entirely different accused products.

Although Bascom has suggested that it intends to file a motion to consolidate each of these five cases for some purposes, it has not as of yet attempted to meet and confer about consolidation. Consolidation of *Markman* proceedings may be appropriate in the event that Bascom asserts common claims against more than one of the Defendants, but consolidation of discovery would *not* be appropriate because the five lawsuits involve different parties, products, and issues.

**3.     Legal Issues.**

The principal disputed legal issues are:

- Whether Novell infringes any or all of the commonly asserted patents;

- Whether Bascom is entitled to damages as a result of the alleged infringement of any or all of the commonly asserted patents, and if so, the amount;

- Whether Bascom is entitled to equitable relief to prevent irreparable harm as a result of the alleged continuing infringement of any or all of the commonly asserted patents;

- Whether any or all of the claims of the commonly asserted patents are invalid;

- Whether Bascom's claims of indirect infringement should be dismissed for failure to state a claim; and

- Whether this case is exceptional under 35 U.S.C. § 285.

**4.     Motions and/or Pending Matters.**

(a)     Pending Motions

Novell's motion to dismiss has been fully briefed and is scheduled for hearing on Friday, March 15, 2013, at 9:00 a.m.

3

(b)     Anticipated Motions

Bascom anticipates a motion to consolidate the related cases for at least claim construction and discovery purposes.  Bascom additionally anticipates motions for summary judgment with regard to infringement.

Novell anticipates moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate.

**5.      Amendment of Pleadings, Addition of Parties, Etc.**

The parties agree that the deadline to amend the pleadings pursuant to F.R.C.P. 15(a)(2) be within 120 days of the date Novell's answer is filed (should one be necessary), provided, however, that this deadline shall not apply to an amendment alleging that the commonly asserted patents are unenforceable if evidence supporting such a claim arises in discovery.

**6.      Evidence Preservation.**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI").  Additionally, the parties will discuss with their counsel and meet and confer regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

The parties agree to file a Stipulated Order Regarding the Discovery of Electronically Stored Information by April 19, 2013.

**7.      Initial Disclosures.**

Pursuant to F.R.C.P. 26(a), the parties agree to exchange initial disclosures no later than March 29, 2013.

**8.      Discovery.**

The parties have not yet served discovery requests.

      (a)      Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were or will be made.

The parties agree to exchange initial disclosures pursuant to F.R.C.P. 26(a)(1) on March 29, 2013.

Bascom's Statement:

Bascom provides proposed dates for the expert disclosures under F.R.C.P. 26(a)(2) and pretrial disclosures under F.R.C.P. 26(a)(3) as set forth in the schedule below.

Novell's Statement:

As set forth in Section 17 below, Novell proposes that the Court enter a schedule now that extends through a *Markman* order, and that following entry of the *Markman* order the Court conduct a further case management conference to address the consequences of the order, including dispositive motions and discovery deadlines.

      (b)      Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters.

      (c)      Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties agree that documents will be produced in single-page TIFF format with full-text extraction and Ringtail load files or Concordance load files.  If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide

5

the associated text file.

If it is impracticable to produce a document in TIFF format, the producing party has the option of producing such document in native format. To the extent a receiving party identifies Excel files or other files from the TIFF production set for which data manipulation or analysis may be necessary, the parties agree to meet and confer in good faith to coordinate possible supplemental production of the native version of those files.

> (d)     Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.

The parties agree that neither party will produce or list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation. Subject to the foregoing, the parties agree that issues of privilege or work product (including protection for with experts and draft expert reports) shall be addressed as provided in the Federal Rules of Civil Procedure and in a separate stipulation.

> (e)     Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

Bascom's Statement:

Bascom proposes that Defendants in the Related Cases cooperate with one another for claim construction and discovery purposes. This cooperation will avoid wasting judicial resources. For example, Defendants in the Related Cases will all likely seek information regarding conception and reduction to practice in interrogatories. To the extent there is a discovery dispute regarding the response, joint discovery will alleviate the Court from hearing multiple motions on the same issue.

Novell's Statement:

Novell agrees to cooperate with the defendants in the related cases, where possible, to avoid

6

wasting resources.However, requiring Novell to share discovery with the other Defendants, as Bascom proposes, would be inappropriate and unfair.  Each of the five cases Bascom has filed involves entirely distinct accused products.  Further, the Defendants will undoubtedly have different strategies and goals in defending the cases and are entitled to litigate, individually, questions of non-infringement, invalidity, and claim construction.  While it is possible that *Markman* and prior art issues may overlap among the five related cases depending on which claims Bascom asserts against each Defendant, each Defendant must be permitted to conduct discovery and present its own defenses.  Novell therefore proposes that the discovery limits in the F.R.C.P. and Local Rules of this Court be applied to this case.

A.   <u>Interrogatories</u>

<u>Bascom's Statement:</u>

Bascom proposes that it may serve up to thirty (30) individual interrogatories on Novell. Novell may serve up to twenty (20) individual interrogatories on Bascom.  Defendants in the Related Cases shall work cooperatively and be allowed to serve an additional ten (10) joint interrogatories on Bascom.

<u>Novell's Statement:</u>

Novell proposes that interrogatories be subject to the limits contained in the F.R.C.P. and the Local Rules of this Court, and objects to Bascom's proposal that it be restricted to "joint" interrogatories with Defendants in the other actions.

B.   <u>Request for Admissions</u>

<u>Bascom's Statement:</u>

Bascom proposes that it may serve up to fifty (50) individual requests for admission on Novell. Novell may serve up to twenty-five (25) requests for admission on Bascom.  Additionally, Defendants

7

in the Related Cases shall work cooperatively and be allowed to serve twenty-five (25) joint requests for admission on Bascom.  Requests for admission related to the authentication of documents are exempt from these limitations.

Novell's Statement:

Novell proposes that requests for admissions be subject to the limits contained in the F.R.C.P. and the Local Rules of this Court, and objects to being restricted to "joint" requests for admission with Defendants in the other actions.

C.    Requests for Production of Documents and Things

The parties agree that there shall be no limit on the number of requests for production of documents and things.

D.    Depositions

Bascom's Statement:

Bascom is limited to seventy (70) hours of deposition time from Novell for individual depositions and depositions taken pursuant to F.R.C.P. 30(b)(6).

Novell is limited to thirty (30) hours of deposition time from Bascom for individual depositions and depositions taken pursuant to F.R.C.P. 30(b)(6) for issues unique to Novell.

Additionally, Defendants in the Related Cases shall work cooperatively and take depositions jointly for key witnesses on common issues, such as inventors.  They will be allowed up to fifty (50) hours of deposition time that they take jointly from Bascom.  For such joint depositions, the witnesses can be deposed up to fourteen (14) hours.  Otherwise, depositions are limited to seven (7) hours as set forth below.

Expert depositions will not count towards these limits.

Depositions will not last longer than 7 hours on the record per day unless agreed to by the

parties.

Novell's Statement:

Novell agrees to cooperate with the defendants in the related cases to avoid wasting resources where possible.  However, Novell objects to the limits that apply across the five *Bascom* cases, and that restrict total deposition time on unspecified "joint" issues (for which Bascom would allot only ten total hours per Defendant).  Further, even if such multi-case limits were appropriate, Novell objects to Bascom's unfair proposed limits, in which it allows itself 70 hours of deposition time, only 30 hours to each of the defendants for what are likely to be many unique issues given the diverse product and parties involved, and limits all five Defendants *collectively* to 50 hours from deponents other than Bascom, which the Defendants are far more likely to need (e.g., depositions relating to issues such as prior art, on sale bar and/or Bascom's request for injunctive relief).

***Individual Depositions:***

The parties agree that Individual depositions are limited to seven hours of deposition time, as provided for in the F.R.C.P.   Individual depositions requiring an interpreter are limited to 14 hours of deposition time and will be conducted on two consecutive days. Individual depositions requiring an interpreter count as half time against the deposition limit.

***F.R.C.P. 30(b)(6) Depositions:***

Bascom's Statement:

Depositions pursuant to F.R.C.P. 30(b)(6) requiring an interpreter count as half time against the deposition limit.

Novell's Statement:

For its part, Novell proposes that the limits on F.R.C.P. 30(b)(6) depositions found in the F.R.C.P. and the Local Rules of this Court govern the case.

9

***Third-Party Depositions:***

Bascom's Statement:

Bascom proposes that Bascom and Novell should be limited to five (5) third-party depositions per side.  To the extent additional deposition are required, the parties can seek leave from the Court to take more third-party depositions.

Novell's Statement:

For its part, Novell objects to Bascom's proposed limitation, largely because Novell is far more likely to need third-party depositions (e.g., depositions relating to issues such as prior art, on sale bar and/or Bascom's request for injunctive relief) than Bascom.  Neither the F.R.C.P. nor the Local Rules impose a separate limit on third party depositions, and no such limit should be created in this Action.

***Expert Depositions:***

Bascom's Statement:

Bascom proposes that, for any expert witness who provides an opinion on multiple issues, such as infringement and validity, that expert witness can be deposed up to a maximum of seven (7) hours for each issue or Defendant.  To the extent Defendants in the Related Cases submit a joint expert report on any issue, Bascom can take the expert can be deposed up to fourteen (14) hours.

Novell's Statement:

For its part, Novell proposes that the deposition limits in the F.R.C.P. and this Court's Local Rules govern this case.

F.    Protective Order

The parties are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California's model.  The parties anticipate filing  a proposed stipulated protective order (with competing proposals, if necessary) by March 29, 2013.

G.      Discovery from Experts

The parties propose that, consistent with the F.R.C.P., neither party need produce communications between counsel and expert witnesses or drafts of expert reports.  If, however, an expert relies upon particular communications between counsel to support his or her opinion, those particular communications are discoverable.

H.      Service

Documents served on Bascom shall be emailed to all attorneys of record.

Documents to be served on Novell shall be sent to the following e-mail addresses: sbrennan@mabr.com; rsears@mabr.com; jbraithwaite@mabr.com; cnickol@mabr.com.

Bascom's Statement

Bascom proposes that service via email constitutes personal service pursuant to F.R.C.P. 5(b)(2)(A) in order to maintain consistency with the service requirements agreed upon by the other Defendants in the Related Cases.

Novell's Statement

Novell proposes that service via email constitutes personal service pursuant to F.R.C.P. 5(b)(2)(E).

**9.      Class Actions.**

Not applicable.

**10.      Related Pending Cases.**

This Court issued an Order on January 29, 2013 relating the actions against LinkedIn, Facebook, Jive, and BroadVision to this Action against Novell.

**11.    Relief.**

Bascom's Statement:

Bascom seeks entry of judgment finding that Novell infringes the commonly asserted patents. Bascom further seeks entry of judgment finding that the commonly asserted patents and the '241 patent are valid, and awarding monetary damage, injunctive relief and any other relief available under applicable law, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty, costs and attorney's fees.

Novell's Statement:

Novell seeks entry of judgment declaring that it does not infringe any of the asserted claims of any of the commonly asserted patents, and that each asserted claim is invalid or unenforceable.  Novell has not yet answered Bascom's Complaint, and reserves the right to seek any relief it may request in an answer (if one becomes necessary), as well as any other relief permitted and available under the law.

**12.    Settlement and ADR.**

The parties discussed the available ADR procedures in an effort to determine which procedure may benefit the parties.  Pursuant to ADR L.R. 3-5, the parties have met and conferred regarding the selection of an ADR process for this case and have agreed to private mediation for ADR.  Pursuant to the parties' stipulation, and  as set forth in Section 17 below, the parties have agreed to complete one session of mediation within 60 days after the Court enters its claim construction order.

**13.    Consent to Magistrate Judge.**

All parties have not consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other references.**

The parties do not believe that this Action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**

Bascom's Statement:

Discovery has not yet begun, but subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

Bascom objects to any limitation regarding the number of claims it can assert at this early stage of the case before discovery has begun.  It is extremely prejudicial to require Bascom to narrow the number of claims, particularly where it is probable that discovery will affect which claims are at issue. Bascom will narrow the number of asserted claims to 10 claims per patent by the Pretrial Conference. Similarly, Defendants should limit the number of prior art references to 3 references per patent by the Pretrial Conference.

Novell's Statement:

Novell proposes that Bascom be limited to asserting no more than 30 claims of the commonly asserted patents during discovery, and then be required to narrow that number to 10 claims of the previously asserted claims within 30 days of the close of fact discovery.  In the absence of a reasonable limit, as proposed by Novell, Novell anticipates that Bascom may seek to assert many of the more than 150 total claims that are potentially at issue under the commonly asserted patents. Novell believes that this Action can be adjudicated far more efficiently, with less burden on the Court, to a jury, and at less cost to the parties, if Bascom is limited to asserting a reasonable number of claims—as Novell has proposed.

To the extent Bascom's claims are subject to a reasonable limitation, Novell is willing to limit

JOINT CASE MANAGEMENT STATEMENT                          CASE NO:3:12-cv-06295-SI

its assertion of prior art references. Novell agrees to limit its assertion of prior art references to eight references for anticipation and eight combinations, per claim, during the discovery period, and to reduce those assertions to three references for anticipation and three combinations, per claim, within 30 days following Bascom's selection of its final 10 claim for trial.

**16. Expedited Schedule.**

The parties do not propose that this case proceed on an expedited schedule.

**17. Scheduling**

The parties submit the chart below with their jointly proposed schedule.

Bascom's Statement:

In compliance with the Northern District of California Standing Order for All Judges, Bascom provides proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

Novell's Statement:

Novell proposes that the *Markman* briefing and the *Markman* hearing be coordinated with the five related cases, as set forth below, because claim construction issues may overlap among those cases. Further, because the issuance of a *Markman* order is likely to significantly affect the scope of the case and the issues for discovery, and may lead directly to dispositive motions or settlement, Novell proposes that this matter be set for a further case management conference shortly after issuance of this Court's *Markman* order. :

| Event | Date per rule or order | Agreed Date | Bascom's Proposed Date | Novell's Proposed Date |
|---|---|---|---|---|
| Initial Case Management Conference | March 15, 2013<br><br>Per Dkt. 62 (CV-06295 | March 15, 2013 | | |

14

| Event | Date per rule or order | Agreed Date | Bascom's Proposed Date | Novell's Proposed Date |
|---|---|---|---|---|
| Rule 26(a)(1) Initial Disclosures | March 29, 2013 | March 29, 2013 | | |
| Pat. L.R. 3-1. Disclosure of Asserted Claims and Infringement Contentions<br><br>Pat. L.R. 3-2. Document Production Accompanying Disclosure | Not later than 14 days after the Initial Case Management Conference | March 29, 2013 | | |
| Last day to join parties or amend pleadings | | Within 120 days of filing of Novell's answer, if necessary | | |
| Pat. L.R. 3-3. Invalidity Contentions<br><br>Pat. L.R. 3-4. Document Production Accompanying Invalidity Contentions. | Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | May 13, 2013 | | |
| Pat. L.R. 4-1. Exchange of Proposed Terms for Construction. | Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 | May 27, 2013 | | |
| Pat. L.R. 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence. | Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | June 17, 2013 | | |
| Pat. L.R. 4-3. Joint Claim Construction and Prehearing Statement. | Not later than 60 days after service of the "Invalidity Contentions," | July 12, 2013 | | |

15

| Event | Date per rule or order | Agreed Date | Bascom's Proposed Date | Novell's Proposed Date |
|---|---|---|---|---|
| Pat. L.R. 4-4. Completion of Claim Construction Discovery (including depositions of experts who submitted declarations in support of claim construction positions) | Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, | August 12, 2013 | | |
| Pat. L.R. 4-5(a). Claim Construction Briefs – opening brief | Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement | August 26, 2013 | | |
| Pat. L.R. 4-5(b). Claim Construction Briefs – responsive brief | Not later than 14 days after service of an opening brief | September 9, 2013 | | |
| Pat. L.R. 4-5(c). Claim Construction Briefs – reply brief | Not later than 7 days after service of a responsive brief | September 16, 2013 | | |
| Last day to complete pre-claim construction ADR session | One week prior to claim construction hearing | September 23, 2013 | | |
| Pat. L.R. 4-6. Claim Construction Hearing (including technology tutorial). | Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c) | September 30, 2013, subject to the convenience of the Court's calendar | | |
| Close of fact discovery | Standing Order for All Judges No. 17 | | January 27, 2014 | To be set after entry of *Markman* order |
| Opening expert reports | Standing Order for All Judges No. 17 | | February 24, 2014 | To be set after entry of *Markman* order |
| Rebuttal expert reports | Standing Order for All Judges No. 17 | | March 17, 2014 | To be set after entry of *Markman* order |

16

JOINT CASE MANAGEMENT STATEMENT                              CASE NO:3:12-cv-06295-SI

| Event | Date per rule or order | Agreed Date | Bascom's Proposed Date | Novell's Proposed Date |
|---|---|---|---|---|
| Close of expert discovery | Standing Order for All Judges No. 17 | | March 31, 2014 | To be set after entry of *Markman* order |
| Opening summary judgment briefs | Standing Order for All Judges No. 17 | | April 7, 2014 | To be set after entry of *Markman* order |
| Answering summary judgment briefs | Standing Order for All Judges No. 17 | | May 5, 2014 | To be set after entry of *Markman* order |
| Reply summary judgment briefs | Standing Order for All Judges No. 17 | | May 19, 2014 | To be set after entry of *Markman* order |
| Summary judgment hearings | Standing Order for All Judges No. 17 | | June 2, 2014 | To be set after entry of *Markman* order |
| Pretrial Conference | Standing Order for All Judges No. 17 | | August 11, 2014 | To be set after entry of *Markman* order |
| Trial | Standing Order for All Judges No. 17 | | September 15, 2014 | To be set after entry of *Markman* order |

18.     **Trial.**

The parties have requested trial by jury.

The parties expect that the trial will require a total of seven to 10 court days, depending upon, among other things, the number of claims of the commonly asserted patents that Bascom is permitted to assert.

19.     **Disclosure of Non-party Interested Entities or Persons.**

The parties have filed Certifications of Interested Persons or Entities pursuant to Civil Local

17

Rule 3-16.

Bascom's Statement:

       Pursuant to Civil L.R. 3-16, Bacom certifies that the following listed persons, associations of persons, firms, partnership, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

       1.      Lexington Technology Group (parent corporation of Bascom Research, LLC).

Novell's Statement:

       Pursuant to Civil L.R. 3-16, Novell certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including patent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

       The Attachmate Group, Inc. as Novell's parent corporation.

**20.    Other Matters**

       The parties have no other matters at this time that may facilitate the just, speedy, and inexpensive disposition of this matter.

///

///

///

18

JOINT CASE MANAGEMENT STATEMENT           CASE NO:3:12-cv-06295-SI

Respectfully submitted,

DATED:  March 8, 2013          By:  */s/ James Hannah*_____
                                    Paul Andre (State Bar. No. 196585)
                                    Lisa Kobialka (State Bar No. 191404)
                                    James Hannah (State Bar No. 237978)
                                    Michael Lee (State Bar No. 264592)
                                    KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                    990 Marsh Road
                                    Menlo Park, CA  94025
                                    Telephone: (650) 752-1700
                                    Facsimile: (650) 752-1800
                                    pandre@kramerlevin.com
                                    lkobialka@kramerlevin.com
                                    jhannah@kramerlevin.com
                                    mhlee@kramerlevin.com

                                    Attorneys for Plaintiff
                                    BASCOM RESEARCH LLC

Respectfully submitted,

DATED:  March 8, 2013          By:  */s/ Sterling A. Brennan*_____
                                    Sterling A. Brennan
                                    MASCHOFF BRENNAN
                                    20 Pacifica, Suite 1130
                                    Irvine, California 92618
                                    Telephone:  (949) 202-1900
                                    Facsimile:  (949) 453-1104
                                    sbrennan@mabr.com

                                    Attorneys for Defendant
                                    NOVELL, INC.


   I hereby attest that I have on file confirmation that counsel for Novell, Inc. concur in the filing

of this document.

                                    */s/ James Hannah*_____
                                    James Hannah