KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHELLE YBARRA - # 260697
aramani@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
LINKEDIN CORP.

MASCHOFF BRENNAN
STERLING A. BRENNAN (126019)
sbrennan@mabr.com
L. REX SEARS (Admitted *Pro Hac Vice*)
rsears@mabr.com
JARED J. BRAITHWHITE (288642)
jbraithwaite@mabr.com
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone:     (949) 202-1900
Facsimile:      (949) 453-1104

Attorneys for Defendant
NOVELL, INC.

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
JEFFREY T. NORBERG (215087)
jnorberg@cooley.com
BRIAN P. WIKNER (244292)
(bwikner@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(estameshkin@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASCOM RESEARCH, LLC, a Virginia limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>LINKEDIN CORPORATION, a Delaware corporation,<br><br>            Defendant. | Case No. 12-cv-06294 SI<br><br>**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         June 27, 2013<br>Time:        3:30 p.m.<br>Dept:         10<br><br>Judge:       Honorable Susan Illston<br><br>Date Filed:  October 3, 2012<br><br>Trial Date:  None Set |

| | |
|---|---|
| BASCOM RESEARCH, LLC, a Virginia limited liability company, | Case No. 12-cv-06293 SI |
| Plaintiff, | |
| v. | |
| FACEBOOK, INC., a Delaware corporation, | |
| Defendant. | |
| BASCOM RESEARCH, LLC, a Virginia limited liability company, | Case No. 12-cv-06295 SI |
| Plaintiff, | |
| v. | |
| NOVELL, INC., a Delaware corporation, | |
| Defendant. | |

Pursuant to Civil Local Rule 16-10(d), Defendants LinkedIn Corp. ("LinkedIn"), Facebook, Inc. ("Facebook"), and Novell, Inc. ("Novell") (collectively, "Defendants") submit this Case Management Statement.

## I. INTRODUCTION

Defendants are filing this statement separately from Bascom, a day after CMC Statements were due because of difficulties in coordinating with Bascom yesterday to file a joint statement, as explained in the accompanying declaration. This CMC comes at an opportune time, however, and we hope that the proceedings can be set on a more productive track moving forward.

## II. THE STATUS OF DISCOVERY AND DISCLOSURES

### A. Bascom's Infringement Contentions

On March 31, 2013, Bascom served on Defendants its Patent L.R. 3-1 Infringement Contentions, asserting a total of 80 claims. Since that time, Defendants have endeavored to understand Bascom's theory of infringement, so as to draft their invalidity contentions and prepare for claim construction. Regrettably, the deficiencies in Bascom's contentions— exceeding 7,000 pages between all Defendants—have been a significant obstacle in moving this case forward, and efforts to obtain supplemental contentions from Bascom have been rebuffed. While Rule 3-1 contentions are often vague, Bascom's are impenetrable and fail to disclose how Bascom reads its patents on Defendants' products. Defendants have tried for at least a month to address this problem with Bascom, to no avail. Specifically Bascom refuses to disclose is infringement contentions as required by the rules has delayed and then failed cooperate in any meaningful meet-and-confer. Defendants will continue to try to resolve this issue over the coming week, in the hope that the impending CMC will finally provoke a response. But if Bascom still refuses to cooperate, Defendants will ask the Court to intervene at the June 27 CMC and establish a process and ground rules for obtaining meaningful contentions that the Rules require.

By way of brief background, the patents in this case are generally directed to creating "link relationships" between "document objects" in a computer network, storing those relationships in "link directories," and assigning "attributes" to the relationships. Bascom's Rule

3-1 contentions are supposed to be "as specific as possible," and "identify[] specifically where each limitation of each asserted claim is found within each Accused Instrumentality[.]" Patent L.R. 3-1(b) and (c). But Bascom's guiding principle in drafting them seems to have been the opposite: to ensure that there is no part of Defendants' systems that someone could later say Bascom did *not* accuse of meeting any particular element.

To give the Court a flavor, attached as Exhibit A is an excerpt from Bascom's contentions against LinkedIn covering one element of claim 1 of the '974 patent. It consists of a repetition of the claim language (twice), a general reference to LinkedIn services "by way of example," and 40 pages of jumbled screen shots from portions of LinkedIn's website, which make it impossible to determine what is supposed to be the "document object," what is supposed to be the "link relationship," what is supposed to be the "link directory," etc. Bascom also eschews any notion of a consistent theory of infringement throughout a given claim, pointing instead to disparate arrays of "examples" in each limitation, without regard to those used in prior limitations. This approach makes it impossible to understand not only how Bascom hopes to read each specific limitation on the accused products, but also how those limitations collectively state any coherent theory of infringement for a given claim—in other words, for any "document object," what is it allegedly "linked" to, how is that "link relationship" created, what are the "attributes" of that link relationship, and so forth. Bascom's contentions run on in this fashion for a total of over 3,200 pages against LinkedIn, 3,100 against Facebook, and 700 against Novell.

Bascom has also asserted an unreasonable number of claims—80 of the 178 total claims in the patents-in-suit, including 76 against Facebook alone, 49 against LinkedIn, and 43 against Novell—even after assuring the Court at the March 15, 2015 CMC that it would be reasonable. But 80 claims are impractical, unnecessary, and will only lead to further burden on both the parties and the Court. *See, e.g., Network Protection Sciences, LLC v. Fortinet, Inc.*, Case No. C 12-01106 WHA (D.I. 197) (N.D. Cal. May 9, 2013) (Alsup, J.) (calling the plaintiff's decision to assert 50 claims—30 less than what Bascom asserts here—a "bone-crushing" and "unreasonable" burden); *Software Rights Archive, LLC v. Facebook, Inc.*, 12-cv-3970 (D.I. 41) (N.D. Cal. Feb. 15, 2013) (Whyte, J.) (limiting plaintiff to no more than 30 asserted claims prior to deadline for

invalidity contentions).  Defendants believe that limiting the number of claims is particularly important at this stage of the case, given the burden that construing terms for 80 claims would impose on both the parties and the Court.

To make matters worse, a number of Bascom's asserted claims are invalid on their face because they lack any antecedent basis.  These include dependent claims that impose further limitations on, for example, "the allowing step" of the claim from which they depend, where no "allowing step" exists in the independent claim.  Defendants have repeatedly asked Bascom to withdraw these claims (or explain its Rule 11 basis for asserting them), but Bascom has refused to do either.  Defendants hope that this issue, at least, can be resolved through agreement before the June 27 CMC.

We are less sanguine about the resolving the larger issues with Bascom's contentions, particularly since, to date, Bascom has actively resisted even meeting and conferring about them, apparently in the hope of forcing Defendants to go through the claim-construction process without the benefit of any comprehensible infringement theory.

To briefly lay out the history, on May 20, Defendants sent Bascom a letter identifying the issues summarized above and requesting an in-person meeting to discuss them.  Bascom waited nearly two weeks to respond, and its response consisted of a demand that Defendants identify in writing "each and every narrative and corresponding support in the claim charts" that Defendants contend is not understandable, and "the precise reason why [Defendants] believe the identified narrative and support is not understandable," before Bascom would discuss them.  But since the charts total over 7,000 thousand pages, that would take weeks of work and be a colossal waste of time—particularly given that the defects in Bascom's contentions are global in nature and permeate each of the asserted claims.  Bascom has since repeatedly refused to meet in person, despite Defendants' offering six full days of availability to discuss the contentions on a claim-by-claim basis.

Then, when Bascom finally consented to a L.R. 37-1(a) telephone conference (which occurred on June 19), it staffed the conference with attorneys who seemed to know little or nothing about Bascom's infringement theories.  They responded to questions mainly by reading

3

back verbatim from Bascom's contentions, and refused to discuss any part of the contentions except the five discrete claim elements that Defendants had cited in their written correspondence *as examples* of the problems with the contentions. Bascom then immediately sent an email asserting that the parties "have not met and conferred" about any other issues, and demanding again that Defendants identify in writing every issue pertaining to every element in Bascom's thousands of pages of contentions before Bascom could consider them before discussing them live.

Demands that someone identify "each and every narrative" that is not understandable and "the precise reason why . . . [it] is not understandable" in over 7,000 pages of claim charts are gamesmanship, pure and simple. They are designed to erect impossible (or absurdly onerous and expensive) preconditions to meeting and conferring. The problem is quite basic: Bascom's infringement contentions fail to identify what elements in Defendants' accused products allegedly correspond to what limitations in the asserted claims—which is the entire purpose of infringement contentions. Defendants have pointed this out to Bascom multiple times, cited multiple examples, and explained that the problem is global in nature and runs throughout Bascom's contentions. Bascom doesn't need to be a "mind reader"; it merely needs to disclose its actual allegations, and agree to engage in a timely and productive discussion when Defendants raise serious issues.

The Local Patent Rules establish an orderly procedure in which the parties disclose their contentions as a precursor to claim construction. That has not happened in this case, and so far, Bascom seems intent on keeping it that way. If Bascom does not change its approach in the next week, Defendants see no choice but to ask the Court to intervene.

### III. OTHER ISSUES RAISED IN BASCOM'S STATEMENT

#### A. Bascom's Request That the Court Reconsider Its Scheduling Order

This Court decided at the last CMC to set a schedule through Markman only. Nothing has changed since then—indeed, if anything, progress has been substantially hindered for the reasons discussed above—but Bascom now asks the Court to reconsider its ruling and set additional dates. The Court should not do so. To the contrary, the first order of business with respect to scheduling

should be establishing a process and timeline for resolving the issues with Bascom's infringement contentions.

### B.  Discovery

Bascom's claim that "Defendants have not provided any substantive responses to Bascom's discovery" is difficult to comprehend. Among other things, Defendants have made available their source code, which is what determines how the accused software products work. Bascom has simply never bothered to review it. LinkedIn has also produced over 200,000 pages of technical documentation alone. In any event, to the extent there is any real issue, we are happy to meet and confer about it.

### C.  Defendants' Invalidity Contentions

Prior to its CMC statement, Bascom has never raised any issue or concern with Defendants' invalidity contentions. If it now wishes to do so, we are happy to discuss them, and are generally pleased to see Bascom embracing the principle that the Local Patent Rules require meaningful disclosures.

## IV.  CONCLUSION

We look forward to discussing these matters at the June 27 CMC.

Dated:  June 21, 2013                                        KEKER & VAN NEST LLP

                                                By:  */s/ David Silbert*
                                                     ROBERT A. VAN NEST
                                                     DAVID SILBERT
                                                     MICHELLE YBARRA

                                                     Attorneys for Defendant
                                                     LINKEDIN CORP.

| | | |
|---|---|---|
| Dated: June 21, 2013 | | COOLEY LLP |
| | By: | /s/ Heidi L. Keefe |
| | | HEIDI L. KEEFE |
| | | MARK R. WEINSTEIN |
| | | JEFFREY T. NORBERG |
| | | BRIAN P. WIKNER |
| | | ELIZABETH L. STAMESHKIN |
| | | |
| | | Attorneys for Defendant |
| | | FACEBOOK, INC. |
| Dated: June 21, 2013 | | MASCHOFF BRENNAN |
| | By: | /s/ Jared J. Braithwaite |
| | | STERLING A. BRENNAN |
| | | L. REX SEARS |
| | | JARED J. BRAITHWHITE |
| | | |
| | | Attorneys for Defendant |
| | | NOVELL, INC. |