KRAMER LEVIN NAFTALIS & FRANKEL LLP
PAUL ANDRE - # 196585
pandre@kramerlevin.com
LISA KOBIALKA - # 191404
lkobialka@kramerlevin.com
JAMES HANNAH - # 237978
jhannah@kramerlevin.com
MICHAEL LEE - # 264592
mlee@kramerlevin.com
990 Marsh Road
Menlo Park, CA  94025
Telephone:     (650) 752-1700
Facsimile:      (650) 752-1800

Attorneys for Plaintiff
BASCOM RESEARCH LLC


KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
ASHOK RAMANI - # 200020
aramani@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
LINKEDIN CORP.

MASCHOFF BRENNAN
STERLING A. BRENNAN (126019)
sbrennan@mabr.com
L. REX SEARS (Admitted *Pro Hac Vice*)
rsears@mabr.com
JARED J. BRAITHWAITE (288642)
jbraithwaite@mabr.com
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone:     (949) 202-1900
Facsimile:      (949) 453-1104

Attorneys for Defendant
NOVELL, INC.

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
JEFFREY T. NORBERG (215087)
jnorberg@cooley.com
BRIAN P. WIKNER (244292)
(bwikner@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(estameshkin@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASCOM RESEARCH, LLC, a Virginia limited liability company,<br><br>             Plaintiff,<br><br>     v.<br><br>LINKEDIN CORPORATION, a Delaware corporation,<br><br>             Defendant. | Case No. 12-cv-06294 SI<br><br>**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         July 19, 2013<br>Time:        3:30 p.m.<br>Dept:         10<br><br>Judge:       Honorable Susan Illston<br><br>Date Filed: October 3, 2012<br><br>Trial Date: None Set |

| | |
|---|---|
| BASCOM RESEARCH, LLC, a Virginia limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 12-cv-06293 SI |
| BASCOM RESEARCH, LLC, a Virginia limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 12-cv-06295 SI |

Pursuant to Civil Local Rule 16-10(d), Plaintiff Bascom Research, LLC ("Bascom"), and Defendants Facebook, Inc. ("Facebook"), LinkedIn Corp. ("LinkedIn"), and Novell, Inc. ("Novell") (collectively, "Defendants") submit this Joint Case Management Statement.

## I. BASCOM'S STATEMENT

### A. Defendants' refuse to reduce the number of references in their invalidity contentions to a reasonable number

During the Case Management Conference ("CMC") on June 27, 2013, the Court indicated that the parties should work together to the narrow the case. Since then, Bascom met and conferred with Defendants and dropped 39 claims -- limiting its case to 40 claims against Facebook, 31 claims against LinkedIn, and 31 claims against Novell. Bascom is now asserting a combined 42 claims against all defendants, well within the range suggested by the Court. Defendants have refused to limit the number of alleged prior art references to a reasonable number. Instead, Defendants are only willing to reduce their number of cited references from 800 to 672 references[1]. This number of references is unwieldy and inconsistent with the case law in this District, which has limited defendants in similar circumstances to four anticipatory references and four obviousness references per asserted patent. Thus, the issue that remains to be resolved is whether Facebook and Linked should be limited to a total of 32 references and Novell should be limited to a total number of 24 references, which provides them with four anticipatory and four obviousness references per asserted patent.

Defendants should be limited to a reasonable number of alleged prior art references, which other Courts in this District have required similarly situated accused infringers to do. For example, in *Software Rights Archive v. Facebook, Inc. et al.*, a case very similar to this one as it involved 30 asserted claims and three asserted patents, Judge Whyte ordered the accused infringer to "limit its invalidity contentions to four anticipatory references and four obviousness combinations, as the court sees no legitimate basis for asserting more references in this case." 12-cv-3970 (Dkt. 41) (N.D. Cal. Feb. 15, 2013) (Whyte, J.). Judge Whyte is not alone, as several other Judges in this District have followed suit, requiring defendants to reduce the number of

---

[1] Defendants offered to reduce their invalidity contentions to eight anticipatory reference and eight combinations per claim, thus resulting in the potential for 672 references.

1 asserted prior art references. *See Network Protection Sciences, LLC v. Fortinet, Inc.*, Case No.
2 C12-01106 WHA (Dkt. 197) (N.D. Cal. May 9, 2013) (Alsup, J.) (limiting the number of
3 anticipatory references and obviousness combinations allowed); *Google v. Egger,* 5:08-cv-03172-
4 RMW, Dkt. 208 at 3 (ordering defendants to limit invalidity contentions along with limiting
5 asserted claims); *Oracle America, Inc. v. Google Inc.*, No C 10-03561-WHA, Dkt. 131, at 1-2
6 (N.D. Cal. May 3, 2011) (reducing number of references in light of a large number of prior art
7 references disclosed in contentions); *Rambus Inc. v. Hynix Semiconductor Inc.,* Case No. C-05-
8 00334 RMW, 2008 WL 4104116, at *6 (N.D. Cal. Aug. 27, 2008) (same). Thus, Bascom's
9 request to limit Defendants to the requested number of prior art references is reasonable and well
10 supported.
11 Currently, Defendants' invalidity contentions cite to 800 references with 49 exhibits, each
12 with multiple separate claim charts, totaling over 12,000 combined pages. Furthermore,
13 Defendants rely on millions of potential obviousness combinations because they have asserted
14 that each cited reference can be combined with any other cited reference. Defendants' June 12,
15 2013 Invalidity Contentions, page 44 ("Each reference in Section II.A can also be combined with
16 the additional references identified in Section I and elsewhere herein to render the asserted claims
17 obvious.").
18 Defendants' offer to limit the number of references to 672 references is simply not
19 meaningful and will not streamline the issues in this case. Limiting Facebook and LinkedIn to no
20 more than 32 references and Novell to no more than 24 references will narrow the issues, reduce
21 waste and expenses, and lessen any potential prejudice. It will also reduce the amount of fact and
22 expert discovery. For example, limiting the number of references will reduce the potential
23 amount of third-party discovery of individuals and companies associated with the alleged prior
24 art. In addition, it will focus the issues for expert discovery. All of these factors weigh in favor
25 of narrowing this case and limiting Defendants to a reasonable number of prior art references.
26     **B.    Bascom's Proposed Schedule**
27 Bascom resubmits the proposed schedule set forth in the initial case management
28 conference which is reproduced below. The following schedule follows a typical time to trial in

1  the Northern District of California.

| Event | Proposed Date |
|---|---|
| Close of Fact Discovery | January 27, 2014 |
| Opening Expert Reports | February 24, 2014 |
| Rebuttal Expert Reports | March 17, 2014 |
| Close of Expert Discovery | March 31, 2014 |
| Opening Summary Judgment Briefs | April 7, 2014 |
| Answering Summary Judgment Briefs | May 5, 2014 |
| Reply Summary Judgment Briefs | May 19, 2014 |
| Summary Judgment Hearings | June 2, 2014 |
| Pretrial Conference | August 11, 2014 |
| Trial | September 15, 2014 |

### C. Bascom's Response to Defendants' Statement

#### 1. Defendants' proposal to limit their invalidity contentions to 8 anticipatory references and 8 obviousness combinations is not enough

In their statement, Defendants' offer to limit their invalidity contentions to 8 anticipatory references and 8 obviousness combinations per claim, which is more than twice as many references allowed in other cases in this District. At the very most, this District has allowed 3 anticipatory references and 3 obviousness combinations per claim. *Google v. Egger*, 5:08-cv-03172-RMW Dkt. 208, at 3 (N.D. Cal. July 1, 2008) (Alsup, J.). More recently, however, the Courts have recognized a more reasonable number of prior art references is preferable, limiting defendants to 2 anticipatory references and 2 obviousness references per claim, or 4 anticipatory references and 4 obviousness references per patent. See *Rambus Inc. v. Hynix Semiconductor Inc.*, Case No. C-05-00334 RMW, 2008 WL 4104116, at *6 (N.D. Cal Aug. 27, 2008); *Software Rights Archive v. Facebook, Inc. et al.*, 12-cv-3970, Dkt. 41 (N.D. Cal. Feb. 15, 2013) (Whyte, J.). Following the trend in this District, the Defendants should be limited to 4 references and 4 obviousness references per patent.

**2.     Defendants proposed schedule will cause unnecessary delay**

Defendants' proposed schedule is an attempt to vacate the claim construction hearing and delay this case indefinitely. The Court and the parties have already coordinated their schedules and set a date for the Markman hearing. There is no reason to vacate that date now and delay this case even further.

Defendants suggest a schedule that delays the claim construction process until both sides are satisfied with the contentions of the other party. Not only is this scenario highly unlikely, it is against the spirit of the Patent Local Rules. In most patent cases, plaintiffs and defendants disagree regarding the sufficiency of the other's contentions. If both parties had to agree that all contentions were sufficient before moving forward, no case would reach trial. Furthermore, the Patent Local Rules specifically contemplate amending contentions after claim construction. Thus, predicating the claim construction hearing on contentions, as Defendants suggest, is backwards. Accordingly, the claim construction process should move forward as scheduled while the parties resolve their discovery differences, which is the typical process in patent cases in this District.

## II.     DEFENDANTS' STATEMENT

### A.     Bascom's Proposed Schedule

Bascom again asks this Court to reconsider its ruling at the Initial CMC, and set a case schedule extending beyond the *Markman*. But there is no reason for the Court to reverse course now—particularly given the current state of this case, and Bascom's recent filing of the *Bascom v. Salesforce.com* case. [2]

Defendants propose, instead, that the Court set a coordinated *Markman* schedule for all four cases involving the Bascom patents (i.e., the cases against Facebook, LinkedIn, Novell, and Salesforce). To separate them, as Bascom proposes, would mean that this Court would conduct full *Markman* proceedings on the patents, and then a few months later, this Court (or another if

---

[2] Defendants moved to relate the *Salesforce.com* case on July 12, 2013. Bascom has said it does not oppose reassigning that case to this Court, although it disagrees with some of the language in Defendants' motion.

4

the *Salesforce* case is not reassigned to this Court) would perform that entire process again, on the same patents. That would be extremely wasteful, and would generate a great deal of confusion. The Court should construe the patents once, not construe the same terms multiple times.

Moreover, this case has already been dislodged from the schedule set at the first CMC. Defendants only learned on July 12 (the morning this joint statement was due) which claims Bascom is asserting. And Bascom still has not disclosed how it purports to read those claims on Defendants' systems, which is a prerequisite for claim construction. The problem with Bascom's Rule 3-1 disclosures go well beyond routine quibbles; at a fundamental level, Bascom has not disclosed its infringement theory. Defendants have proposed a few simple standards of specificity and coherence, to be applied to both Bascom's and Defendants' disclosures, which ought to be non-controversial. *See* Ex. A (July 5, 2013 Letter from Ybarra to Hannah). This issue has been pending for months, and should be resolved quickly, hopefully by agreement, and if not, with the Court's assistance.

**B.     Defendants' Prior Art References**

As Defendants have repeatedly stated, they are willing to reduce the number of prior art references they will rely on for anticipation and obviousness combinations after Bascom makes a meaningful reduction in the number of asserted claims. Now that Bascom has reduced to 42 claims, Defendants are willing to reduce their invalidity contentions to eight anticipating references and eight obviousness combinations per claim. That limitation is more than adequate to narrow the scope of the case. Moreover, it is without prejudice to further reductions at a later stage, in conjunction with further limitations on the number of asserted claims.

There are two important clarifications. First, the limitations must be binding, or not, in equal measure for both sides. Bascom has purported to reserve the right to assert more claims against Defendants later. If so, then Defendants must be allowed to add more prior art references later as well.

Second, it must be clear that all source material related to a particular system or method is a single "reference" for these purposes. For example, with the prior art Intermedia system from the 1980s, the system itself and the articles and other source material concerning it constitute a

5

single "reference."  Otherwise, the limitation on "references" would be far too technical and punitive.

Bascom's complaints about the prior art are unfounded.  It asserts that Defendants "are only willing to reduce their number of cited references from 800 to 672 references," but in fact, Defendants charted only 49 anticipating prior art references, along with other references to be used in obviousness combinations, when Bascom was asserting 80 claims.  Even in a case like this one, where the patents are blatantly invalid, Defendants will not be relying on anything like the volume of art that Bascom's alarmist and false tallies suggest.

Bascom's demand that Defendants be limited to four anticipatory and four obviousness references **per patent** finds no support in the case law.  In the cases Bascom relies on, the court limited the number of prior art references asserted **per claim**.  See *Software Rights Archive v. Facebook, Inc. et al.,* 12-cv-3970, Dkt. 41 (N.D. Cal. Feb. 15, 2013) (Whyte, J.) (limiting the number of asserted claims to 30, and prior art references to 4 anticipatory and 4 obviousness combinations *per claim*);[3] *Google v. Egger*, 5:08-cv-03172-RMW Dkt. 208, at 3 (N.D. Cal. July 1, 2008) (Alsup, J.) (limiting the number of asserted claims to 20, and prior art references to three anticipatory references and three obviousness combinations *per claim*); *Rambus Inc. v. Hynix Semiconductor Inc.*, Case No. C-05-00334 RMW, 2008 WL 4104116, at *6 (N.D. Cal Aug. 27, 2008) (suggesting that two anticipating references and two or three obviousness combinations *per claim* was appropriate where 25 claims were asserted).[4]  Moreover, in the cases Bascom cites, those limitations were largely implemented at much later stages of the case.  *See, e.g., Google v. Egger*, 5:08-cv-03172-RMW Dkt. 208, at 3 (N.D. Cal. July 1, 2008) (Alsup, J.) (prior art limited

---

[3] Although the order is not specific on this point, counsel for Facebook and LinkedIn in this case are also counsel for those parties in the *SRA* case, and there is no dispute that Judge Whyte's order limits prior art references per claim—not per patent.

[4] Bascom also cites *Oracle America, Inc. v. Google Inc.* and *Network Protection Sciences LLC v. Fortinet, Inc.*, but those cases do not help it.  In *Oracle*, Judge Alsup limited the number of asserted claims to 40, and the number of prior art references to 120, to be further reduced before trial. No C 10-03561-WHA, Dkt. 131, at 1-2 (N.D. Cal. May 3, 2011).  That same approach would be reasonable in this case.  In *Network Protection Sciences*, Judge Alsup did not order any limitation of prior art references; instead, he granted defendant leave to amend its invalidity contentions to add new references and withdraw others, after noting that plaintiff had imposed a "bone-crushing" burden on defendant by requiring it to conduct a prior art search for more than 50 claims.  Case No. C12-01106 WHA (Dkt. 197) (N.D. Cal. May 9, 2013).

1  after case had been pending for three years); *Oracle America, Inc. v. Google Inc.* No C 10-03561-
2  WHA, Dkt. 131, at 1-2 (N.D. Cal. May 3, 2011) (prior art limited after claim construction).  As
3  Defendants have stated, they are amenable to further limitations at a later stage, in conjunction
4  with further reductions in the number of asserted claims.

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Dated:  July  12, 2013        By:   */s/ James Hannah*
                                    PAUL ANDRE
                                    LISA KOBIALKA
                                    JAMES HANNAH
                                    MICHAEL LEE

                                    Attorneys for Plaintiff
                                    BASCOM RESEARCH LLC

KEKER & VAN NEST LLP

Dated:  July 12, 2013         By:   */s/ David Silbert*
                                    ROBERT A. VAN NEST
                                    DAVID SILBERT
                                    ASHOK RAMANI

                                    Attorneys for Defendant
                                    LINKEDIN CORP.

COOLEY LLP

Dated:  July 12, 2013         By:   */s/ Heidi L. Keefe*
                                    HEIDI L. KEEFE
                                    MARK R. WEINSTEIN
                                    JEFFREY T. NORBERG
                                    BRIAN P. WIKNER
                                    ELIZABETH L. STAMESHKIN

                                    Attorneys for Defendant
                                    FACEBOOK, INC.

MASCHOFF BRENNAN

Dated: July 12, 2013        By:   /s/ Jared Braithwaite
                                  STERLING A. BRENNAN
                                  L. REX SEARS
                                  JARED J. BRAITHWAITE

                                  Attorneys for Defendant
                                  NOVELL, INC.

## ATTESTATION

I, JAMES HANNAH, am the ECF User whose ID and password are being used to file this Further Joint Case Management Conference Statement. I attest that, pursuant to the United States District Court, Northern District of California Civil L.R. 5-1(i)(3) and General Order 45, concurrence in the filing of this document has been obtained from Counsel for Linkedin, Corp., Facebook, Inc. and Novell, Inc. I declare under penalty of perjury that the foregoing is true and correct.

                                  /s/ James Hannah
                                  James Hannah